**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. _____

WILDEARTH GUARDIANS,

       Plaintiff,

  v.

GINA MCCARTHY, in her official capacity as
Administrator of the U.S. Environmental Protection Agency,

       Defendant.

---

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

---

**INTRODUCTION**

1. This is an action to enforce a mandatory deadline set forth in the Clean Air Act. On April 5, 2012, the U.S. Environmental Protection Agency ("EPA") received an application for a C.F.R. Part 71 Title V Operating Permit for the Bonanza coal-fired power plant ("Bonanza Power Plant") in northeastern Utah. Although the Clean Air Act imposed a non-discretionary duty upon the EPA Administrator to act upon this permit application by October 5, 2013, the agency has thus far failed to do so. Guardians seeks a declaration that the Administrator has violated a mandatory duty set forth in the Clean Air Act, as well as an order compelling her to obey the provisions of the Act by issuing or denying by date certain a Title V Operating Permit for the Bonanza Power Plant.

## JURISDICTION, VENUE, AND NOTICE

2.   This Court has subject matter jurisdiction over this action pursuant to 42 U.S.C. § 7604(a)(2) (Clean Air Act citizen suit provision); 28 U.S.C. § 1331 (federal question); 28 U.S.C. § 2201 (declaratory judgment); 28 U.S.C. § 2202 (injunctive relief); and 42 U.S.C. § 7604(d) (costs and attorney fees).

3.   Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(e).  The EPA's Region 8 Office, which is responsible for administering Part 71 Title V Operating Permits in Utah, is located in this judicial district.  EPA's failure to act on the application for a Bonanza Power Plant Operating Permit therefore occurred in this judicial district.  Additionally, Plaintiff WildEarth Guardians ("Guardians") maintains an office in this judicial district.

4.   Guardians properly gave the Administrator 60-days written notice of the violation alleged in this Complaint and of Guardians' intent to bring suit to remedy that violation.  See 42 U.S.C. § 7604(b)(2); 40 C.F.R. §§ 54.2 and 54.3 (requiring 60-day written notice prior to undertaking suit for failure to perform a non-discretionary duty).  The Administrator received Guardians' notice on October 18, 2013.  More than 60 days have passed since the Administrator's receipt, yet she has not remedied the violations alleged by issuing or denying a Title V Operating Permit for the Bonanza Power Plant.

## PARTIES

5.   Plaintiff WILDEARTH GUARDIANS is a non-profit conservation organization operating in Colorado, Utah, New Mexico, Arizona, Montana, Wyoming, California, and Oregon.  Guardians is dedicated to protecting and restoring the wildlife, wild rivers, and wild places of the American West, and to safeguarding the Earth's climate and air quality.  Guardians

and its members work to reduce harmful air pollution in order to safeguard the public health, welfare, and environment. Guardians has more than 7,500 members, many of whom live, work, and/or recreate in areas affected by the pollution emitted from the Bonanza Power Plant.

6. Guardians is a "person" within the meaning of 42 U.S.C. § 7602(e), and is therefore entitled to commence a civil action under 42 U.S.C. § 7604(a).

7. Guardians regularly participates in the public permitting process for facilities that emit air pollution. Guardians does so with the aim of ensuring that Title V Operating Permits, such as that for the Bonanza Power Plant, protect and improve air quality by complying with relevant laws and regulations.

8. Guardians and its members have a substantial interest in ensuring that EPA complies with the requirements of Clean Air Act Title V with respect to the Bonanza Power Plant. Guardian's organizational interest in participating in, and potentially influencing, the permitting process for this Plant is injured by the Administrator's failure to act. Guardians' and its members' interests have been, are being, and will continue to be, irreparably harmed by EPA's failure to issue or deny a Title V Operating Permit in this case.

9. Defendant GINA MCCARTHY is the Administrator of the EPA. As such, she is responsible for implementing the provisions of the Clean Air Act, including the requirement to issue or deny within 18 months of receipt a Title V Operating Permit for the Bonanza Power Plant. Ms. McCarthy is sued in her official capacity.

**LEGAL BACKGROUND**

10. The Clean Air Act aims "to protect and enhance the quality of the Nation's air resources…" 42 U.S.C. § 7401(b)(1). In furtherance of this goal, the Clean Air Act was

amended in 1990 to create the Title V Permit Program. See id. §§ 7661-7661f. Clean Air Act Title V establishes a comprehensive operating permit system applicable to all major sources of air pollution. See id. § 7661a(a).

11. The term "major source" includes: any stationary source of air pollution with the potential to emit more than 100 tons per year of any air pollutant; or any stationary source with the potential to emit 10 tons or more per year of any single hazardous air pollutant, or 25 tons or more per year of any combination of hazardous air pollutants. See 42 U.S.C. §§ 7661(2) (incorporating definition of "major source" found at 42 U.S.C. §§ 7412(a)(1) and 7602(j)).

12. The purpose of the Title V Program is to improve enforcement efforts and reduce violations of the Clean Air Act. See New York Public Interest Research Group v. Whitman, 321 F.3d 316, 320 (2nd Cir. 2003). Accordingly, Tile V requires all major sources of air pollution to operate under a permit that incorporates all applicable air regulations, as well as a schedule for monitoring compliance with those regulations. Title V also requires the owners and/or operators of these permitted facilities to certify annually compliance with all applicable requirements. This self-reporting system provides EPA, states, and citizens with a straightforward means of determining whether a facility is complying with all applicable air regulations, thereby greatly simplifying Clean Air Act enforcement and preserving the public health.

13. Since the inception of the Title V Permit Program in 1990, major sources of air pollution are prohibited from discharging air pollutants unless they have obtained or applied for a valid Title V Operating Permit. See 42 U.S.C. §§ 7661a(a) and 7661b(d).

14. The process for obtaining a Title V Operating Permit is a cooperative one. Where a major source of air pollution is subject to state jurisdiction, the state acts as the permitting

authority and must adhere to 40 C.F.R. Part 70 when processing Title V Permit applications (regulations governing State Operating Permit Programs).  Where a source is subject to federal jurisdiction, EPA acts as the permitting authority and must adhere to 40 C.F.R. Part 71 when processing Title V Permit applications (regulations governing Federal Operating Permit Programs).  For purposes of the Title V permitting process, major sources located on tribal lands are subject to federal jurisdiction.  See 40 C.F.R. § 71.2.

15.     Under the Federal Operating Permit Program, the owner or operator of each major source "shall…submit an application for a permit" to EPA within 12 months after becoming subject to Title V.  42 U.S.C. § 7661b(c).  See also 40 C.F.R. § 71.5(a)(1)(i).  EPA "shall issue or deny the permit[] within 18 months after the date of receipt…"  42 U.S.C. § 7661b(c).  See also 40 C.F.R. § 71.7(a)(2).

16.     EPA's duty to issue or deny a Title V Operating Permit within 18 months of receipt is non-discretionary.  See United States v. Myers, 106 F.3d 936, 941 (10th Cir. 1997), cert. denied, 520 U.S. 1270 (1997) ("It is a basic canon of statutory construction that use of the word 'shall' indicates mandatory intent.").

**FACTUAL ALLEGATIONS**

17.     The Bonanza Power Plant is a 500 megawatt coal-fired power plant located on the Uinta and Ouray Indian Reservation in northeastern Utah, approximately 28 miles southeast of the town of Vernal.  Because the Bonanza Power Plant is located on tribal lands, it is subject to federal jurisdiction and EPA is the Clean Air Act Title V permitting authority.

18.     The Bonanza Power Plant is owed and operated by Deseret Power Electric Cooperative ("Deseret").  The 600 foot-tall smokestack at the Plant releases thousands of tons of

harmful pollutants into the air annually. These include nitrogen oxides, sulfur dioxide, carbon dioxide, mercury, and other toxic substances. The Bonanza Power Plant is a major source of air pollution as defined by the Clean Air Act.

19. EPA prepared and circulated for public comment a draft Title V Operating Permit for the Bonanza Power Plant in 2002. EPA never took final action on this Permit.

20. On February 6, 2012, EPA requested in writing from Deseret a new Title V Operating Permit application for the Bonanza Power Plant.

21. On April 5, 2012, EPA received from Deseret a complete, renewed Title V Operating Permit application for the Bonanza Power Plant.

22. EPA was required to issue or deny the requested Permit for the Bonanza Power Plant on or before October 5, 2013.

23. As of the date of this filing, EPA has failed to act on Deseret's completed application.

24. More than 13 years after the enactment of Title V, EPA has never issued or denied a Title V Operating Permit for the Bonanza Power Plant. Accordingly, the Bonanza Power Plant has never obtained, and continues to operate without, a Title V Operating Permit.

**CLAIM FOR RELIEF**

25. Each and every allegation set forth in this Complaint is herein incorporated by reference.

26. The EPA Administrator had a mandatory duty to issue or deny a Title V Operating Permit for the Bonanza Power Plant within 18 months after receiving the complete Permit Application. See 42 U.S.C. § 7661b(c); 40 C.F.R. § 71.7(a)(2).

27.     It has been more than 18 months since the Administrator received the complete Renewed Permit Application from Deseret.

28.     As of the date of this filing, EPA has not issued or denied a Title V Operating Permit for the Bonanza Power Plant.

29.     Accordingly, EPA has violated, and continues to violate, 42 U.S.C. § 7661b(c) and 40 C.F.R. § 71.7(a)(2).

30.     This violation constitutes a failure to perform a non-discretionary duty within the meaning of the Clean Air Act's citizen suit provision.  See 42 U.S.C. § 7604(a)(2).

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff WildEarth Guardians requests that this Court enter judgment providing the following relief:

(A)     A declaration that EPA has violated the Clean Air Act by failing to issue or deny the Title V Operating Permit for the Bonanza Power Plant;

(B)     An order compelling EPA to issue or deny the Title V Operating Permit for the Bonanza Power Plant within 30 days, or in accordance with any such expeditious schedule as prescribed by the Court;

(C)     An order retaining jurisdiction over this matter until such time as EPA has complied with its non-discretionary duties under the Clean Air Act;

(D)     An order awarding Plaintiff its costs of litigation, including reasonable attorney's fees; and

(E)     Such other and further relief as the Court deems just and proper.

Respectfully submitted this 23rd day of December 2013.

        ANTONIO BATES BERNARD, P.C.

    By: *s/ Melissa A. Hailey*
       Melissa A. Hailey, CO Reg. #42836
       Antonio Bates Bernard, P.C.
       3200 Cherry Creek Drive South
       Suite 380
       Denver, Colorado 80209
       Tel: (303) 733-3500
       Fax: (303) 733-3555
       mhailey@abblaw.com

       *Attorney for Plaintiff*