## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:13-cv-03457-JLK

WILDEARTH GUARDIANS,

    Plaintiff,

v.

GINA MCCARTHY, in her official capacity as Administrator of the Environmental Protection Agency,

    Defendant.

_____

## CONSENT DECREE
_____

This Consent Decree is entered into between Plaintiff WildEarth Guardians ("Guardians") and by Defendant Gina McCarthy in her official capacity as Administrator of the United States Environmental Protection Agency ("EPA").

WHEREAS, on December 23, 2013, and pursuant to section 304(a)(2) of the Clean Air Act ("CAA"), 42 U.S.C. § 7604(a)(2), Guardians filed its Complaint in this action against EPA;

WHEREAS, Guardians alleges that EPA has failed to take action on an application for an Operating Permit under Title V of the CAA, 42 U.S.C. §§ 7661 –

7661f, and EPA's implementing regulations at 40 C.F.R. pt. 71 ("Title V Permit"), for the Deseret Bonanza coal-fired power plant ("Deseret Bonanza Power Plant"), which is located in Uintah County in northeastern Utah, within the Uintah and Ouray Indian Reservation, in the timeframe required under 42 U.S.C. § 7661b(c);

WHEREAS, EPA presently intends to propose a draft Title V Permit for the Deseret Bonanza Power Plant by mid-May 2014 and seek public comment on the draft Title V Permit;

WHEREAS, Guardians and EPA have agreed to a settlement of this case without any admission of any issue of fact or law, which they consider to be a just, fair, adequate and equitable resolution of the claims raised in this action; and

WHEREAS, it is in the interest of the public, the parties, and judicial economy to resolve the issues in this action without protracted litigation.

NOW, THEREFORE, it is hereby ORDERED, ADJUDGED, AND DECREED as follows:

1. This Court has subject matter jurisdiction over the claims set forth in the Complaint and to order the relief contained in this Consent Decree.

2. Venue lies in the District of Colorado.

3. Guardians and EPA shall not challenge the terms of this Consent Decree or the Court's jurisdiction to enter and enforce this Consent Decree. This Consent Decree

constitutes a complete and final resolution of all claims that have been asserted or that could have been asserted in the Complaint.

4.    This Consent Decree will become effective upon the date of its entry by the Court.  If for any reason the Court does not enter the Consent Decree, the obligations set forth in this Decree are null and void.

5.    On or before October 28, 2014,  EPA shall issue a final Title V permit decision for the Deseret Bonanza Power Plant and provide notice to Guardians in accordance with 40 C.F.R. § 71.11(i), which regulation also addresses the effective date and possible administrative appeal of the final permit decision.

6.    The deadline for issuance of the final permit decision in Paragraph 5 may be extended for a period of 60 days or less by written joint stipulation executed by counsel for Guardians and EPA and filed with the Court.  Any other extension to the deadline for issuance of the final permit decision in Paragraph 5 or any other modification to this Consent Decree (excluding changes in counsel or addresses under Paragraph 17), may be approved by the Court upon motion made by either party to this Consent Decree and upon consideration of any response by the non-moving party and reply by the moving party.

7.    EPA agrees to settle Plaintiff's claim for costs and attorneys' fees by arranging for payment of $2,594.20 as soon as reasonably practicable after entry of this Consent Decree.  This amount shall be paid by Fed Wire Electronic Funds Transfer to a

bank account identified by Antonio Bates Bernard Professional Corporation pursuant to payment instructions provided by Plaintiff's counsel.  Guardians agrees to provide counsel for Defendant all necessary information for processing the electronic funds transfer within five (5) business days after receipt of the Court's order entering this Consent Decree.  Guardians agrees to accept payment of $2,594.20 in full satisfaction of any and all claims for costs and attorneys' fees with respect to this case incurred up until the date of entry of this Consent Decree by the Court.  EPA does not concede that Guardians will be entitled to fees for any efforts after the date of entry of this Consent Decree, and EPA reserves all defenses with respect to any such efforts and any related fee claim.  The fees paid under this Paragraph shall have no precedential value in any future fee claim.

8. The Court shall retain jurisdiction to determine and effectuate compliance with this Consent Decree, to rule upon any motions filed in accordance with Paragraph 6 of this Consent Decree, and to resolve any disputes in accordance with Paragraph 13 of this Consent Decree. Once EPA has taken the actions called for in Paragraphs 5 and 7 of this Consent Decree, this Decree shall be terminated and the case dismissed with prejudice.  The Parties may either jointly notify the Court that the Decree should be terminated and the case dismissed, or EPA may so notify the Court by motion.  If EPA notifies the Court by motion, then Guardians shall have twenty days (20) in which to respond.

9. Except as provided herein, nothing in this Consent Decree shall be construed to limit or modify any discretion accorded EPA by the CAA or by general principles of administrative law in taking the actions which are the subject of this Consent Decree, including the discretion to alter, amend, or revise any responses or final actions contemplated by this Consent Decree.

10. The parties agree and acknowledge that final approval and entry of this proposed Consent Decree are subject to the requirements of CAA section 113(g), 42 U.S.C. § 7413(g). That subsection provides that notice of this proposed Decree be given to the public, that the public shall have a reasonable opportunity to make any comments, and that the Administrator or the Attorney General, as appropriate, must consider those comments in deciding whether to consent to this Consent Decree. After lodging this Consent Decree with the Court, EPA shall promptly submit a notice of the availability of the Consent Decree for public comment to the Office of Federal Register for review and publication. After this Consent Decree has undergone an opportunity for notice and comment, the Administrator and/or the Attorney General, as appropriate, shall promptly consider any such written comments in determining whether to withdraw or withhold consent to this Consent Decree in accordance with section 113(g) of the CAA. If the federal government elects not to withdraw or withhold consent to this Consent Decree, EPA or the parties shall promptly file a motion that requests the Court to enter this Consent Decree.

11. Nothing in the terms of this Consent Decree shall be construed to waive any remedies Guardians may have under CAA section 307(b)(1), 42 U.S.C. § 7607(b)(1), with respect to any future challenges to the final action called for in Paragraph 5.

12. Nothing in this Consent Decree shall be construed to provide the Court with jurisdiction over any challenges by Guardians or any other person or entity not a party to this litigation with respect to the final action called for in Paragraph 5.

13. In the event of a dispute between the parties concerning the interpretation or implementation of any aspect of this Consent Decree, the disputing party shall contact the other party to confer and attempt to reach an agreement on the disputed issue.  If the parties cannot reach an agreed-upon resolution, then either party may move the Court to resolve the dispute.

14. It is hereby expressly understood and agreed that this Consent Decree was drafted by EPA and Guardians jointly and that any and all rules of construction to the effect that ambiguity is construed against the drafting party shall be inapplicable in any dispute concerning the terms, meaning, or interpretation of this Consent Decree.  This Consent Decree shall be governed and construed under the laws of the United States.

15. The obligations imposed upon EPA under this Consent Decree may only be undertaken using appropriated funds.  No provision of this Decree shall be interpreted as or constitute a commitment or requirement that EPA will obligate funds in

contravention of the Anti-deficiency Act, 31 U.S.C. § 1341, or any other applicable law or regulation.

16. The undersigned representative of each party certifies that she or he is fully authorized to consent to the Court's entry of the terms and conditions of this Consent Decree.

17. Any written notice or other written communication between the parties contemplated under this Consent Decree shall be sent to the undersigned counsel at the email addresses listed in the signature blocks below unless written notice of a change in counsel and/or address is provided.  In addition, notice should be provided to EPA and/or Guardians as is relevant at the following the following email addresses:

Laumann.sara@epa.gov                    smith.kristi@epa.gov

jhornnig@wildearthguardians.org         jnichols@wildearthguardians.org

|  |  |
|---|---|
|  | ROBERT G. DREHER |
|  | Acting Assistant Attorney General |
| Dated: 4/29/2014 | s/David A. Carson |
|  | DAVID A. CARSON |
|  | United States Department of Justice |
|  | Environment and Natural Resources |
|  |       Division |
|  | South Terrace – Suite 370 |
|  | 999 18th Street |
|  | Denver, Colorado 80202 |
|  | (303) 844-1349 |
|  | david.a.carson@usdoj.gov |
|  |  |
|  | COUNSEL FOR DEFENDANT |
| Dated: 4/29/2014 | s/Melissa A. Hailey |
|  | MELISSA A. HAILEY, CO Reg. 42836 |
|  | Antonio Bates Bernard, P.C. |
|  | 3200 Cherry Creek Drive S., Ste. 380 |
|  | Denver, Colorado 80209 |
|  | Tel: (303) 733-3500 |
|  | Fax: (303) 733-3555 |
|  | mhailey@abblaw.com |
|  |  |
|  | COUNSEL FOR PLAINTIFF |

Upon consideration of the foregoing, the Court hereby finds that this Consent Decree is fair, reasonable, consistent with the Clean Air Act and in the public interest,

and the Court hereby enters the Consent Decree.

    IT IS SO ORDERED:

DATED: September 4, 2014        BY THE COURT:

                                      ***s/John L. Kane***
                                      John L. Kane, U.S. Senior District Judge